IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02403-DDD-STV

MICHAEL VILLECCO,

    Plaintiff,

v.

JOSEPH M. BARELA, and
PHILIP E. SPESSHARDT

    Defendants.

---

## ORDER

Magistrate Judge Scott T. Varholak

This civil action is before the court on Plaintiff's Motion to Perpetuate Evidence Pending Appeal [#72] (the "Motion"), which has been referred to this Court [#73]. The Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that neither a reply nor oral argument would materially assist in the disposition of the Motion. For the following reasons, the Motion is **DENIED**.

I.    BACKGROUND

Plaintiff initiated this action on September 16, 2022. [#1] Plaintiff's complaint was dismissed for failure to comply with court orders and rules on February 17, 2023. [#57] Plaintiff appealed that dismissal. [#69] Plaintiff filed the instant Motion seeking an order requiring Defendants to produce documents while his appeal is pending, pursuant to Federal Rule of Civil Procedure 27(b). [#72] Defendants have filed a response. [#76]

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 27(b), a court may permit a party to "depose witnesses to perpetuate their testimony for use in the event of further proceedings" in a case where judgement has been rendered and the court finds that "perpetuating the testimony may prevent a failure or delay of justice."  A motion seeking to perpetuate testimony "must show: (A) the name, address, and expected substance of the testimony of each deponent; and (B) the reasons for perpetuating the testimony."  Fed. R. Civ. P. 27(b)(2).  "Rule 27(b) . . . is . . . not a substitute for discovery and its application must . . . be grounded primarily in the need 'to avoid any failure or delay of justice.'"  *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 348 (E.D. Pa. 2000) (quoting *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir.1975)).  "Simply alleging that testimony or information may be lost, destroyed or unrecoverable in the future is, at best, vague and conclusory. Rule 27 requires that a petitioner demonstrate an immediate need to perpetuate evidence.  General allegations that evidence may be lost are not sufficient." *In re Landry-Bell*, 232 F.R.D. 266, 267 (W.D. La. 2005) (citations omitted).

Assuming that Rule 27(b) authorizes Plaintiff's request,[1] Plaintiff has failed to show that production of the requested documents is necessary to avoid any failure or delay of

---

[1] Rule 27 is not "limited to depositions" and, "according to its terms, 'the court may issue orders like those authorized by Rules 34 and 35.'"  *Melohn v. Stern*, No. 20-CV-05536, 2021 WL 1178132, at *2 (S.D.N.Y. Mar. 29, 2021) (quoting Fed. R. Civ. P. 27(a)(3)). However, "litigants moving for relief under either subsection of Rule 27 'must already know the substance of the evidence that [they] seeks to perpetuate' and cannot use the process to uncover unknown evidence."  *Mwani v. Al Qaeda*, No. 99-CV-125, 2021 WL 5800737, at *10 (D.D.C. Dec. 7, 2021) (quoting *Melohn*, 2021 WL 1178132, at *2).  Here, Plaintiff appears to simply be renewing his previous motion to compel Defendants to provide him with jurisdictional discovery, as opposed to perpetuating known testimony. [*See* ##19, 24, 25, 72]

justice. Plaintiff asserts only that his "MyUI+ account does not contain any of the correspondence that Defendants have represented that they have sent to Plaintiff" and that this "raises serious concern that Defendants have destroyed relevant documents in violation of their preservation obligations." [#72 at 2] This assertion, which is the only "reason for perpetuating the [evidence]" provided by the Motion, is no more than a vague and conclusory allegation that evidence may be lost in the future. This fails to establish that the requested order is necessary to avoid any failure or delay of justice. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 976 (11th Cir. 1985) (holding that an allegation that plaintiff "was genuinely concerned that the documents [at issue] could be destroyed" did not entitle plaintiff to relief under Rule 27); *Ash v. Cort*, 512 F.2d 909, 913 (3d Cir. 1975) (affirming the denial of a Rule 27 motion when the plaintiff only provided "conclusory remarks" that failed to "show that evidence is likely to be lost while the appeal is pending"); *In re Ramirez*, 241 F.R.D. 595, 596 (W.D. Tex. 2006) (denying a Rule 27 motion when "[t]he only reason offered by petitioner concerning the need for obtaining the evidence is that he 'believes that there is a substantial risk that the City will lose or despoil evidence,'" because "[t]his conclusory statement d[id] not in any way show that evidence is likely to be lost" (citing *Ash*, 512 F.2d at 912-13)).

### III.   CONCLUSION

For the foregoing reasons, the Motion [#72] is **DENIED.**[2]

---

[2] Pursuant to Fed. R. Civ. P. 72(a), any party may file written objections with the Clerk of this Court within 14 days of service of this Order; failure to make any such objection may result in a waiver of the right to appeal the order to the Tenth Circuit. *See Sinclair Wyo. Refin. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (finding firm waiver rule applicable when a party fails to object to a magistrate judge's non-dispositive ruling

DATED: April 19, 2023                                    BY THE COURT:

<span style="margin-left:40%">s/Scott T. Varholak<br>United States Magistrate Judge</span>

---

under Rule 72(a)); *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (finding that firm waiver rule does not apply when the interests of justice require review).